IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 16 C 6651 |
| | ) | |
| JAMES DODD | ) | |

**MEMORANDUM ORDER**

As a result of this Court's granting of a motion by government counsel for an extension of time to file a response to the 28 U.S.C. § 2255 motion that has been filed by James Dodd ("Dodd") in light of the recent decision in Beckles v. United States, 137 S. Ct. 886 (2017), that response date has been extended to May 12, 2017. This brief memorandum order is issued sua sponte to bring the attention of both Dodd's able counsel William Theis and AUSA Paul Tzur to an issue not specifically addressed by attorney Theis' submission on Dodd's behalf.

What attorney Theis has advanced in his April 13, 2017 "Petitioner's Supplement to § 2255 Motion" is the proposition that a criminal defendant who was sentenced before the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) was then subject to "binding" Sentencing Guidelines, so that such a defendant's situation was parallel to that dealt with in Johnson v. United States, 135 S. Ct. 2551 (2015). And if that were the case, a constitutionally based vagueness challenge could assertedly be mounted against the "residual clause" in the Sentencing Guidelines as well.

But in this Court's view attention should also be given to the fact that characterizing the Sentencing Guidelines pre-Booker as "binding" (as contrasted to their "advisory" posture post-Booker) is really a colloquialism, unlike the precise usage of the term "binding" in speaking

of a statutory provision.  Before the Booker case, defendants' submissions seeking departures from the grid prescribed by the Guidelines were often granted by District Judges and were, in turn, often upheld on appeal, although to be sure such departures encountered varied degrees of approval in different circuits.

This Court has not retained its original file in this case, and it has no independent recollection of Dodd's 1998 sentencing, so it is unaware whether his then counsel sought a departure from the Guidelines range applicable to Dodd's offenses, let alone whether any such motion was entertained favorably by this Court.  In any case, both sides' attention is called to the possible nonparallel of the pre-Booker Guidelines to the statutory "residual clause" in the Armed Career Criminal Act that Johnson held unconstitutional.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 25, 2017