**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. 16 C 6651 |
| | ) | |
| **JAMES DODD** | ) | |

## MEMORANDUM ORDER

James Dodd ("Dodd") began his extended and extensive criminal career 40 years ago -- a career that came to an abrupt end when he ran afoul of the federal Armed Career Criminal Act in 1998 and was sentenced by this Court to 262 months' imprisonment on Count II and a consecutive 60 months' imprisonment on Count III of the indictment in this District Court's Case No. 98 CR 54, a sentence that he is still serving. Many years later (on June 20, 2016) Dodd filed a Request for Counsel to evaluate whether he had a viable claim for relief under 28 U.S.C. § 2255 ("Section 2255") pursuant to the interaction of two then-recent Supreme Court decisions: Johnson v. United States, 135 S. Ct. 2251 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). This Court promptly granted Dodd's request, designating able Federal Defender Program panel member William Theis to represent him for that purpose.

That led to attorney Theis' prompt filing of a Motion for Relief Under 28 U.S.C. § 2255[1] that spoke to both the timeliness and the substantive impact of the two decisions Dodd had cited -- a motion that was coupled with a contemporaneous motion, agreed to by government

---

[1] Although Dodd's original submission had been filed under his criminal case number, 98 CR 54, the Section 2255 motion was assigned the civil case number reflected in the caption of this memorandum order, a practice followed in this District Court as a matter of administrative convenience.

counsel, to stay the proceedings to permit the development of an agreed-upon briefing schedule.[2] There matters stood until attorney Theis filed a brief status report on March 8, 2017 stimulated by the Supreme Court's just-announced decision in Beckles v. United States, 137 S. Ct. 886 (2017), a case whose potential impact on the current Section 2255 motion clearly called for setting a briefing schedule for the government's response and for Dodd's reply under the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"). That has produced in quick session the government's request for an extension of time, followed by attorney Theis' filing of a supplement to his original submission, and now a newly-filed Government's Response to Defendant's Petition Under § 2255.

That last filing is comprehensive in its treatment, advancing several reasons that could -- either singly or together -- call for the denial of relief to Dodd for reasons of untimeliness or substantive deficiency or both. In accordance with Section 2255 Rule 5(d), this Court orders attorney Theis to file a reply to the government's Response on or before June 19, 2017.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: May 15, 2017

---

[2] Dodd's filing was one of more than a hundred such motions filed or expected to be filed in this District Court by the June 26, 2016 deadline for Johnson-inspired claims.

[3] This Court's April 25, 2017 memorandum order, issued sua sponte just after it had granted the government's last request for an extension of time to file its response, called to the attention of both counsel "the fact that characterizing the Sentencing Guidelines pre-Booker as 'binding' (as contrasted to their 'advisory' posture post-Booker) is really a colloquialism, unlike the precise usage of the term 'binding' in speaking of statutory provisions."